IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

EOD
07/06/2016

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HERITAGE PACIFIC FINANCIAL, LLC, | § | Case No. 14-40107 |
| | § | (Chapter 7) |
| | § | |
| Debtor. | § | |
| _____ | § | |
| BENJAMIN GANTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 15-4086 |
| | § | |
| JESUS EDGAR MONTANO and LINCOLN LAW, LLP, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**
**<u>GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

In this adversary proceeding, Benjamin Ganter seeks to recover certain payments the defendants received after Heritage Pacific Financial, LLC filed for bankruptcy. Ganter claims that the payments are unauthorized transfers of property of the bankruptcy estate and should be turned over to him pursuant to 11 U.S.C. §§ 549 and 550.[1] The defendants, Jesus Montano and Lincoln Law, LLP, requested a summary judgment in their favor. Ganter opposed the defendants' motion.

The Court heard the defendants' motion on June 7, 2016. Both parties appeared at the hearing and presented oral arguments for and against summary judgment. At the

---

[1] The chapter 7 trustee in the underlying bankruptcy case, Christopher Moser, initiated this adversary proceeding on October 2, 2015. He subsequently sold and assigned his claims to Ganter.

1

conclusion of the hearing, the Court granted the defendants' motion for the reasons stated on the record and set forth more fully in this memorandum opinion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). Where the moving party bears the burden of proof, as in this case, the movant must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial. *Celotex v. Catrett,* 477 U.S. 317, 331 (1986); *Grogan v. Garner*, 498 U.S. 279, 286 (1991). The non-movant must then present "specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e). Thus, if Ganter fails to set forth specific facts that present a triable issue, his § 549 claim should not survive summary judgment. *Celotex*, 477 U.S. 317, 322-23; *Giles v. General Elec. Co.,* 245 F.3d 474, 494 (5th Cir. 2001).

The parties have essentially stipulated in their pleadings and motions that there is no factual dispute in need of resolution. For cases in which the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *See, e.g., Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995) ("A federal court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly."). The defendants' motion and Ganter's response set forth the following body of relevant uncontested facts.

**UNCONTESTED FACTS**

Heritage Pacific Financial, LLC filed for bankruptcy on January 14, 2014. Prior to bankruptcy, Heritage initiated an adversary proceeding against Montano in the United States Bankruptcy Court for the Northern District of Texas. Heritage alleged that Montano committed fraud in the loan application process when he purchased a home located in Oakland, California.

The California bankruptcy court ruled in favor of Montano on summary judgment. The court awarded Montano $70,867.31 in attorney's fees incurred in defending himself in the adversary proceeding. Heritage appealed the grant of summary judgment as well as the award of attorney's fees. The Bankruptcy Appellate Panel for the Ninth Circuit affirmed on all issues.

In addition to Montano, Heritage sued many other individuals. Heritage entered in settlements with some of the defendants. The settlement amounts ranged from $2,000 to $20,000 payable to Heritage over several years. Under the settlement agreements, Heritage was entitled to a stream of monthly payments from the settling defendants until full payment of the settlement amounts.

Montano moved the California bankruptcy court for an order assigning the rights to any monies owed to Heritage under the settlement agreements. Montano brought its post-judgment motion pursuant to Federal Rule of Civil Procedure 69, made relevant by Bankruptcy Rule 7069, and California state law, specifically California Code of Civil Procedure § 708.510(a). Section 708.510(a) states in relevant part that, "upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to

3

assign to the judgment creditor … all or part of a right to payment due or to become due …."

The California court granted Montano's motion and entered an assignment order on July 16, 2013. The assignment order identified 49 cases in the federal courts of California and Nevada in which settlement agreements that identified funds owed to Heritage were on file. The July 16th assignment order provided that "all rights, accounts, accounts receivable, rights to payments of money, and general intangibles owed and in favor of Heritage Pacific Financial, LLC due from the settling defendants in the adversary proceedings identified below are assigned to Jesus Montano until satisfaction of the judgment. Any monies owed under these agreements which flow to Heritage Pacific Financial and its assignees, are hereby assigned to Jesus Montano until the judgment has been satisfied."

Following the entry of the assignment order, Montano moved the California court for an order fixing attorney's fees and costs incurred in enforcing the judgment. Heritage filed for bankruptcy before the California court could hear the motion. On April 10, 2014, this Court entered an order lifting the stay to enable Montano to liquidate his claim against Heritage. The California court entered an order on May, 20, 2014, adding $55,362.10 to the judgment to be satisfied through the assignment order.

Montano's counsel, Lincoln Law, sent notice and a copy of the assignment order to all the settling defendants identified in the assignment order. Currently Lincoln Law is holding monies paid to it by the settling defendants in its trust account. Heritage has not yet satisfied its obligations to Montano under the judgment, as amended.

4

## DISCUSSION

Section 549 of the Bankruptcy Code provides a bankruptcy trustee with authority for avoiding unauthorized postpetition transfers of estate property. 11 U.S.C. § 549. The burden of proof in an action brought under § 549 is on the party seeking to uphold a transfer challenged under that section of the Bankruptcy Code. FED. R. BANKR. P. 6001. "The purpose of section 549 is to allow the trustee to avoid those postpetition transfers which deplete the estate while providing limited protection to transferees who deal with the debtor." Lawrence P. King, *Collier on Bankruptcy* ¶ 549.02 (15th ed. rev.).

In this case, the defendants seek summary judgment on the grounds that Heritage has no legal or equitable interest in the settlement payments assigned to Montano as a matter of law. In order for a transfer to be voidable under § 549, the transfer must be of property of the estate. "Property of the estate" is defined broadly by § 541(a)(1) to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This broad inclusion of property is subject to the limitations of § 541(d), which states in relevant part as follows: "Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

Ganter argues that even though the California bankruptcy court entered an assignment order with respect to certain settlement payments due to Heritage, those settlement payments are still property of the bankruptcy estate, because of § 541(a)(6) of

5

the Bankruptcy Code. That section states the general rule that property of the bankruptcy estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate …." 11 U.S.C. § 541(a)(6). Because the underlying settlement agreements from which the payments arise were owned by Heritage and therefore became property of the bankruptcy estate under 11 U.S.C. § 541(a)(1), Ganter argues that the payments made on account of the settlement agreements necessarily became property of the bankruptcy estate under § 541(a)(6).

Ganter's argument fails. While the question of whether the interest claimed by Heritage in the settlement payments is "property of the estate" is a federal one to be decided by federal law, the Court must look to state law—in this case California law—to determine whether and to what extent Heritage had any legal or equitable interests in the payments as of the commencement of the bankruptcy case. *Butner v. United States,* 440 U.S. 48, 54–55 (1979). Bankruptcy does not create or enlarge property interests. As the Supreme Court explained in *Butner*, "[p]roperty interests are created and defined by state law," and "there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *See id.*

Here, the California bankruptcy court entered an order assigning Heritage's right to payment under specified settlement agreements to Montano until the judgment was paid in full. Under California law, to assign means "to transfer title or ownership of property." *California Ins. Guarantee Assoc. v. Workers' Compensation Bd.*, 203 Cal. App. 4th 1326, 1335 (2012). "A complete assignment passes legal title to the assignee

who is the real party in interest." *Id.* "An assignment for collection vests legal title in the assignee." *Id.*

The assignment of Heritage's right to receive payments under specified settlement agreements, in an amount sufficient to satisfy the judgment, was absolute. The assignment was not conditional or in the nature of a security interest. Heritage had not satisfied the judgment as of the petition date, and when Heritage filed for bankruptcy, it had no right to receive payments under the settlement agreements described in the assignment order. Even if Heritage holds legal title to the settlement agreements described in the assignment order, only legal title, and not the equitable interest in payments from the settling defendants, was included as property of the estate on the petition date. *See* 11 U.S.C. § 541(d). *See also Cutter v. Seror (In re Cutter),* 398 B.R. 6, 18–19 (9th Cir. BAP 2008) ("'[S]omething held in trust by a debtor for another is neither property of the bankruptcy estate under section 541(d), nor property of the debtor'….") (quoting *Mitsui Mfrs. Bank. v. Unicom Computer Corp. (In re Unicom Computer Corp.),* 13 F.3d 321, 324 (9th Cir. 1994)). As a result, any funds Heritage receives on account of holding bare legal title would be subject to Montano's equitable interest and must be held in trust for Montano. *See Georgia P. Corp. v. Sigma Serv. Corp.*, 712 F.2d 962, 968 (5th Cir. 1983) (discussing non-debtor's claim that debtor held only legal title to funds in non-debtor's possession).

## CONCLUSION

For all the foregoing reasons, the Court concludes that the defendants have established the validity of the challenged payments as a matter of law. The defendants'

7

motion for summary judgment is **GRANTED**.  The Court will enter a separate judgment consistent with this memorandum opinion.

Signed on 7/6/2016

*Brenda T. Rhoades*  MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE